1  ROBERT M. YASPAN (State Bar No. 051867)
2  LAW OFFICES OF ROBERT M. YASPAN
   21700 Oxnard Street, Suite 1750
3  Woodland Hills, CA 91367
   Telephone: (818) 774-9929
4  Facsimile: (818) 774-9989
5  General Counsel for Debtor

6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

                        LOS ANGELES DIVISION
10  In re:                         ) Chapter No.: 11
                                   )
11  COAST CARWASH, L.P.            ) Case No.: 2:10-bk-35382-RN
                                   )
12          Debtor and Debtor in Possession. )
13                                 ) **STIPULATION FOR USE OF CASH**
14                                 ) **COLLATERAL**
                                   )
15                                 ) Continued Status Conference
                                   )
16                                 ) Date:   November 4, 2010
17                                 ) Time:   2:00 p.m.
18                                 ) Place:  Courtroom 1645
                                   )         255 E. Temple St.
19                                 )         Los Angeles, CA 90012
                                   )
20                                 )
21                                 )

22         Coast Carwash, L.P., a California limited partnership, Chapter 11 debtor and

23  debtor in possession herein ("Coast" or "Debtor"), in the above-referenced Chapter 11

24  case, on the one hand, and Wilshire State Bank ("Wilshire"), on the other hand, by and

25  through their respective attorneys of record, hereby enter into this Stipulation for Use of

26  Cash Collateral (the "Stipulation") with respect to the following:

27                          **R E C I T A L S**

28      **WHEREAS**, on June 22, 2010 (the "Petition Date"), the Debtor filed a voluntary

1   petition under Chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor

2   has continued to operate its business and manage its financial affairs as Debtor in

3   possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4          **WHEREAS**, Debtor owns and operates a car wash business located at 5677 E. 7th

5   St., Long Beach, CA  90804 (the "Subject Business" and the "Long Beach Property,"

6   respectively).

7          **WHEREAS**, Debtor holds a leasehold interest in the Long Beach Property (such

8   leasehold interest, the "Subject Property").

9          **WHEREAS**, Debtor's operations were financed primarily by Wilshire, which was

10  owed approximately $2.75 million on the Petition Date (the "Wilshire Loan").

11         **WHEREAS**, Debtor acknowledges and agrees that the Wilshire Loan is secured

12  by a first priority, duly recorded deed of trust encumbering the Subject Property, and a

13  first priority, duly perfected security interest in tangible and intangible assets of Debtor

14  ("Collateral") both of which are as described in and pursuant to the loan documents for

15  the Wilshire Loan.

16         **WHEREAS**, Wilshire has consented to Debtor's use of Cash Collateral subject to

17  the terms and conditions of this Stipulation.  The parties believe that the entry of an order

18  approving this Stipulation is in their best interests and the best interests of the bankruptcy

19  estate and creditors thereof.

20         **NOW, THEREFORE**, based upon the foregoing recitals, the parties stipulate and

21  agree, subject to Court approval, as follows:

22                                  S T I P U L A T I O N

23         1.    Definition of Cash Collateral.  The term "Cash Collateral," as used in this

24  Stipulation, is defined as all of the prepetition and postpetition proceeds derived from or

25  in connection with the Bank's prepetition Collateral.

26         2.    Term.  The Debtor's authority to use Cash Collateral shall terminate

27  ("Termination Date") on the earlier of: (i) the effective date of any confirmed plan of

28  reorganization; (ii) appointment of Chapter 11 Trustee; (iii) conversion of this case to one

under Chapter 7 of the Bankruptcy Code; (iv) dismissal of the case; or (v) six (6) months from the date of entry of Court's order approving this Stipulation. Notwithstanding a Termination Event, the parties may extend the term of this Stipulation to allow for the Debtor's continued use of Cash Collateral under the terms and conditions of this Stipulation by written agreement of the parties and without further order of the Court or a hearing. If on the Termination Date, the Debtor is not in default and if Wilshire does not consent to further use of Cash Collateral, a timely cash collateral motion will be filed by the Debtor, and the matter will be decided by the Bankruptcy Court.

3.    Use of Cash Collateral.    The Debtor shall be authorized to use Cash Collateral for ordinary and necessary expenses to operate and maintain the Debtor's business and its assets as set forth and not to exceed the amounts set forth in the Budget attached hereto as Exhibit 1 and incorporated herein ("Budget"), which may not be modified without further notice and order of the Court or the express consent of Wilshire in writing. Notwithstanding any other term to the contrary in this Stipulation, Debtor shall not use the Cash Collateral (i) to pay to or for the benefit of Debtor or any principal, shareholder, or insider of Debtor, whether directly or indirectly, except as expressly set forth in the Budget or as approved by the Office of the United States Trustee or order of court; or (ii) in connection with any action or proceeding against Wilshire or affecting the rights and remedies of Wilshire.

4.    Interest Payments.    As adequate protection, during the term of this Stipulation, the Debtor agrees to make monthly interest-only payments to Wilshire at the non-default contract rate stated in the loan documents, currently estimated to be approximately $11,500 per month.

5.    Replacement Lien.    During the term of this Stipulation and as additional adequate protection of Wilshire's interest in the Collateral, and the Cash Collateral and Debtor's use of the same during its case, Wilshire is hereby granted a replacement lien upon all postpetition assets of the Debtor's estate, pursuant to sections 361(a) and 363(e) (in addition to liens and security interest in favor of Wilshire under section 552(b)),

(except any avoidance actions arising under Bankruptcy Code Sections 544, 545, 546, 547, 548, 549, 550 or any similar provisions of the Bankruptcy Code [the "Bankruptcy Recoveries"]), all effective as of the Petition Date, to the same extent, validity and priority of Wilshire's prepetition liens upon and security interests in the Debtor's assets and to the extent of the diminution in the value of the prepetition Collateral ("Replacement Liens"). The Replacement Liens shall be valid, enforceable, attached, and perfected effective as of the date and time of entry of the Court's order approving this Stipulation ("Order"), without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording, or possession of the Collateral prepetition or other act to validate or perfect such security interest or lien (a "Perfection Act"). Notwithstanding the foregoing, if Wilshire shall, in its sole discretion, elect for any reason to file, record, or otherwise effectuate any Perfection Act, Wilshire is authorized to perform such act which shall be deemed to have been accomplished as of the date and time of entry of the Order, notwithstanding the date and time actually accomplished. In lieu of a Perfection Act, Wilshire may choose to file, record, or effectuate a certified copy of the Order in the same manner as a Perfection Act, which shall be tantamount to a Perfection Act. Should Wilshire so choose and attempt to file, record, or effectuate a Perfection Act, no defect or failure in connection with such attempt shall in any way limit, waive, or alter the validity, enforceability, attachment, or perfection of the Replacement Liens.

6. _Administrative Expense._ To the extent any adequate protection of Wilshire's interests is found to be insufficient, Wilshire shall also have the priority in payment afforded by section 507(b) to the extent of any such deficiency.

7. _Reporting Requirements._ During the term of this Stipulation, the Debtor shall deliver to Wilshire all monthly operating reports and interim operating statements as and when filed by the Debtor with the Office of the United States Trustee. Debtor shall also provide Wilshire with reasonable access to Debtor's books and records during Debtor's normal business hours on no less than twenty-four hour notice provided by

1  Wilshire.  In addition, Debtor shall provide Wilshire with detailed reporting on the status

2  of Debtor's inventory, accounts receivable, accounts payable, expenses, payroll, and

3  other financial information as requested by Wilshire.

4      8.   No Waiver.  Nothing contained in this Stipulation and the order thereon

5  shall be deemed or construed to waive, reduce, or otherwise diminish the rights and

6  claims of Wilshire against the Debtor and of the Debtor against Wilshire.

7      9.   Default.  Subject to the provisions of Paragraph 2, if the Debtor fails to

8  fully and timely perform any provision, term or condition of this Stipulation, which is not

9  cured within five (5) business days of receiving written notice from Wilshire of such

10  failure to perform ("Cure Period"), the Debtor shall be in default under this Stipulation.

11  In the event that Wilshire asserts a default by the Debtor, it shall give oral notice via

12  telephone and written notice via facsimile, messenger, or overnight delivery to the

13  Debtor's counsel of its assertion and notification that Wilshire has withdrawn its consent

14  to the use of its Cash Collateral.  Notice of any default shall be provided to the Debtor's

15  counsel under this paragraph at following address and fax number:

16                               Robert M. Yaspan, Esq.
17                      Law Offices of Robert M. Yaspan
18                           21700 Oxnard Street
                                Suite 1750
19                      Woodland Hills, CA 91367
                        Fax: (818) 774-9929
20                      Phone: (818) 774-9989

21  In addition, at the conclusion of the Cure Period, unless the dispute is resolved, Debtor

22  shall be permitted to continue to use cash collateral for an additional period of only five

23  (5) business days, without prejudice to the Debtor's right to seek a Court order on

24  shortened notice for continued use of cash collateral.  At the conclusion of the Cure

25  Period, Wilshire shall be entitled to a hearing on an expedited basis on notice to

26  Debtor's counsel and such other persons as the Court may direct (subject to the Court's

27  availability) to consider a motion by Wilshire for relief from any applicable stay to

28  permit Wilshire to take any action and exercise all rights and remedies as provided in the

1    Order and its prepetition loan documents.

2        10.    Limitation of Use of Collateral.  No Collateral, including Cash Collateral

3    shall be used by Debtor or any other party to pay for any fee, charge, or expense in

4    connection with:  (a) a challenge to the legality, validity, priority, perfection, or

5    enforceability of the Wilshire Loan, prepetition Wilshire loan documents, Wilshire

6    prepetition liens or the Replacement Liens, or an objection or attempt to disallow or

7    subordinate the prepetition Wilshire Loan, prepetition Wilshire loan documents, Wilshire

8    prepetition Liens, prepetition Wilshire loan obligations, or the Replacement Liens, (b) a

9    request to use the Cash Collateral without Wilshire's consent, (c) a request for

10    authorization to obtain post-petition loans or other financial accommodations pursuant to

11    section 364(c) or (d) other than from Wilshire or such other party without Wilshire's

12    consent, (d) any assertion or investigation or the commencement of prosecution of any

13    action or proceeding of any claims, causes of action, or defenses against Wilshire or their

14    respective officers, directors, employees, agents, attorneys, affiliates, assigns, or

15    successors, including without limitation any attempt to recover a Bankruptcy Recovery

16    from Wilshire, or (e) any act which has or could have the effect of materially modifying

17    or compromising the rights and remedies of Wilshire, or which is contrary to any term or

18    condition set forth in or acknowledged by the prepetition Wilshire loan documents, or

19    this Stipulation (collectively, "Adverse Actions").

20        11.    Section 506(c) Claims.  Debtor shall not seek any recovery or surcharge

21    against the Collateral or Wilshire pursuant to section 506(c) for any expense or charge

22    incurred or arising after the Petition Date and prior to (i) the "Termination Date" set forth

23    in Section 8 herein, or (ii) the termination of Wilshire' consent allowing Debtor to use

24    Cash Collateral, unless such party has first obtained the consent of Wilshire before

25    incurring such expense.

26        12.    DIP Loan.  Wilshire is advised and understands that the Debtor may file a

27    motion for approval of post-petition financing ("DIP Loan").  Wilshire agrees that, so

28    long as the Debtor is complying with the terms and conditions of this Stipulation,

including interest payments to Wilshire, and that the DIP Loan has a security interest junior to that of Wilshire, that the Debtor is authorized to repay the DIP loan from operations of its business. Debtor represents and agrees that any security for the DIP Loan shall be junior in priority to Wilshire's security interest in the pre- and post-petition Collateral, including the Cash Collateral, and any administrative priority provided the DIP Loan shall be junior in priority to administrative priority Wilshire is entitled to pursuant to this Stipulation.

13.  _Cooperation._ The Debtor agrees to cooperate with Wilshire in connection with this Stipulation including, without limitation, executing documents reasonably requested by Wilshire, including such documents as a Change in Terms Agreement.

14.  _Bankruptcy Court Order._ This Stipulation is subject to approval of the Bankruptcy Court. The Debtor shall promptly submit this Stipulation and use their best efforts to obtain approval thereof.

Dated: October 20, 2010

COAST CARWASH, L.P., a California limited partnership, by

By: _____

ROBERT M. YASPAN
DEBRA R. BRAND
Proposed Attorneys for Debtor and Debtor in Possession

Dated: October 20, 2010

WILSHIRE STATE BANK

By: _____

MICHAEL L. TUSKEN
THE SONG LAW GROUP, APLC
Attorney for Wilshire State Bank

# EXHIBIT 1

| Item | October 2010 | November 2010 | December 2010 | January 2011 | February 2011 | Mar-11 | Apr-11 | Total |
|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | |
| Carwash Sales | $80,000.00 | $90,000.00 | $90,000.00 | $90,000.00 | $90,000.00 | $95,000.00 | $100,000.00 | $535,000.00 |
| Sales Taxes | $400.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $2,900.00 |
| Loan from partner(s) | | | | | | | | $0.00 |
| Total | $80,400.00 | $90,500.00 | $90,500.00 | $90,500.00 | $90,500.00 | $95,500.00 | $100,500.00 | $442,400.00 |
| | | | | | | | | $0.00 |
| **Expenses** | | | | | | | | $0.00 |
| Rent | $12,104.56 | $12,104.56 | $12,104.56 | $12,104.56 | $12,104.56 | $12,104.56 | $12,104.56 | $72,627.36 |
| Mortgage - WSB | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $69,000.00 |
| Payroll (Wages) | $31,000.00 | $36,000.00 | $36,000.00 | $36,000.00 | $34,000.00 | $36,000.00 | $36,000.00 | $209,000.00 |
| Payroll (Insiders) | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $9,000.00 | $54,000.00 |
| Payroll Taxes | $4,500.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $5,100.00 | $5,100.00 | $28,800.00 |
| Payroll Service | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $2,400.00 |
| Workers Comp | $4,350.00 | $5,113.64 | $5,113.64 | $5,113.64 | $4,800.00 | $5,113.64 | $5,113.64 | $29,604.56 |
| Franchise Tax Board | | | | | | | | $0.00 |
| Business Licenses, Permits, Fees | | | $550.00 | | | | | $550.00 |
| Cost of Goods Sold | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $12,000.00 |
| Parts and Materials | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $12,000.00 |
| Repairs and Maintenance | $500.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $1,500.00 |
| Sales Taxes | | $1,250.00 | | | $1,250.00 | | | $2,500.00 |
| Utilities - Electricity | $3,407.72 | $1,800.00 | $1,800.00 | $1,800.00 | $1,800.00 | $2,000.00 | $2,000.00 | $12,607.72 |
| Utilities - Water/Trash | $1,400.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,400.00 | $1,400.00 | $7,600.00 |
| Utilities - Other | $1,750.00 | $175.00 | | | | | | $1,925.00 |
| Telephone/Internet | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $1,200.00 |
| Property Taxes | $7,500.00 | $7,500.00 | | | | | | $7,500.00 |
| Insurance | $2,312.66 | $2,312.66 | $2,312.66 | $2,312.66 | $2,312.66 | $2,312.66 | $2,312.66 | $13,875.96 |
| Merchant Services | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $9,000.00 |
| Marketing and Advertising | $3,000.00 | $4,000.00 | | | $500.00 | $500.00 | $500.00 | $8,300.00 |
| Damage claims | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $1,800.00 |
| Bank Charges | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $600.00 |
| Misc. | | | | | | | | $0.00 |
| Repayment of short-term loans | | | | | | | | $0.00 |
| Total | $91,324.94 | $103,555.86 | $91,180.86 | $90,930.86 | $89,667.22 | $91,730.86 | $99,230.86 | $466,659.74 |

| | |
|---|---|
| In re: Coast Carwash L.P. | CHAPTER  11 |
| Debtor(s). | CASE NUMBER  LA 10-35382-RN |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
21700 Oxnard Street, Suite 1750, Woodland Hills CA 91367

The foregoing document STIPULATION FOR USE OF CASH COLLATERAL will be served or was served  (a) on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document. On October 20, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding
and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email
address(es) indicated below:

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Joon W Song on behalf of Creditor c/o Joon Song, Esq. Wilshire State Bank
jsong@thesonglawgroup.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL**
On October 20, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail,
first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes
a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

See attached service list.

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or
entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, _____, I served the following person(s) and/or
entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be
completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| October 20, 2010 | Tatyana K. Menachian | |
| *Date* | *Type Name* | *Signature* |

{CZT/00191710.DOC/POS/00005.000}This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central
District of California.

January 2009

F 9013-3.1

Wilshire State Bank
Commercial Finance Dept.
2140 W. Olympic Blvd.
Los Angeles, CA 90006

Prime Carwash Investments
6725 Mesa Ridge Rd., Suite 218
San Diego, CA 92121

Coast Carwash L.P.
300 S. Orange Grove Blvd., Unit 2
Pasadena, CA 91105

Oceanside Distributors
12841 Western Ave, Unit B
Garden Grove, CA 92841

Oceanside Distributor
1304 W 9th St Apt 1
San Pedro, CA 90732

Carkleen Car Care Products
24373 Senna Dr.
Wildomar, CA 92595

RH Interpreting Services
PO Box 2986
Anaheim, CA 92814

Mark V Products
400 El Sobrante Road
Corona, CA 92879

NCL Pharmaceuticals
PO Box 250337
Glendale CA 91225

Car Aroma
412 W. Anaheim Street
Wilmington, CA 90744

Southern California Edison
P.O. Box 800
Rosemead, CA 91770

City of Long Beach
PO Box 630
Long Beach CA 90842

770 International Inc
7131 Owensmouth, Suite A23
Canoga Park CA 91303

Superior Auto Extras
1260 Encinitas Ave
Sylmar, CA 91342

Metro International
13027 N. Dapple Drive
Tucson AZ 85755

Marian Heath Greeting Cards
PO Box 55399
Boston MA 02205

Blue Mountain Arts
P. O. Box 1007,
Boulder, CO 80306

Advanced Carwash Technologies
2602 Oak St
Santa Ana, CA 92707

Paramount Physicians Health Center
16444 Paramount Blvd.
Paramount CA 90723

State Fund
375 West Hospitality Lane
San Bernardino, CA 92408

Allied Insurance
c/o Patrion Insurance Services Inc
PO Box 992
Riverside CA 92502

Syndicated Diagnostic Imaging Inc
PO Box 250370
Glendale CA 91225

Citibank
100 Citibank Drive
San Antonio, TX 78245

*Chamber Copy*
The Hon. Richard Neiter
United States Bankruptcy Court
255 E. Temple Street, Suite 1652
Los Angeles, CA 90012

*Attorney for Wilshire State Bank*
The Song Law Group, APLC
800 W. 6th St., Suite 1410
Los Angeles, CA  90017

Office of the United States Trustees
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Prime Carwash Investments, Inc.
6725 Mesa Ridge Road, Suite 218
San Diego CA 92121